USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/18/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN IGARTUA, *on behalf of himself and all others similarly situated*,

                Plaintiffs,

-against-

RECREATIONAL PLUS LEV INC,

                Defendant.

1:24-cv-06761-MKV

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

        Plaintiff initiated this action by filing a complaint on September 5, 2024. [ECF No. 1]. On October 28, 2024, an affirmation of service was filed. [ECF No. 5]. Defendant has not answered or otherwise responded to the complaint. On November 13, 2024, the Court issued an Order directing Plaintiff to file a letter on or before November 20, 2024, showing cause why this case should not be dismissed for failure to prosecute. [ECF No. 6]. Plaintiff's counsel filed the required letter on November 17, 2024 explaining that due to "unforeseen staffing issues" Plaintiff's counsel had not "been unable to prosecute this case promptly" but those staffing issues were resolved and counsel would initiate the process to file a motion for Default Judgment on or before November 20, 2024. [ECF No. 7]. This Court subsequently issued two additional Orders, on December 2, 2024 and on December 10, 2024, directing Plaintiff to show cause why this case should not be dismissed for failure to prosecute because no further action was taken since the November 17, 2024 letter. [ECF Nos. 8, 9].

        Plaintiff's counsel ignored the Court's Order dated December 2, 2024, but filed a letter on the docket on December 17, 2024 responding to the Court's Order dated December 10, 2024, however, the letter filed was dated November 17, 2024. [ECF No. 12]. Plaintiff's counsel purports to have once again faced "unforeseen staffing issues" that made them "unable to prosecute this

case promptly." [ECF No. 12]. Plaintiff's counsel once again assures the Court that those issues have been resolved and they are now prepared to move this case forward. [ECF No. 12]. The letter filed on December 17, 2024 appears to be almost identical to the letter Plaintiff's counsel filed November 17, 2024 and is even dated November 17, 2024, and therefore the Court is skeptical of Plaintiff's counsel's statements regarding unforeseen staffing issues, however, because Plaintiff's counsel has already initiated the process to file a motion for Default by filing a Request for the Issuance of a Clerk's Certificate of Default the Court will allow counsel to continue to prosecute this matter. [ECF Nos. 10, 11].

Accordingly, IT IS HEREBY ORDERED that, **by January 3, 2025**, Plaintiff shall move for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), Local Civil Rule 55.1 and 55.2, and this Court's Individual Rules of Practice in Civil Cases. Plaintiff's counsel is on notice that failure to move for a default judgment by January 3, 2025 may result in dismissal of this action for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. No extensions will be granted absent truly unforeseen and extraordinary circumstances. Plaintiff is once again on notice that they are ultimately responsible for prosecuting this case, and this case may be dismissed because of their chosen counsel's failure to prosecute his case. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962).

**Continued failure to comply with the Court's orders or comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties discovery or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties or dismissal for failure to prosecute.**

**SO ORDERED.**

Date: December 18, 2024
New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**